Tompkins, J.,
dissenting.
In my opinion the judgment ought to he affirmed. The Justice never had any jurisdiction of the cause. The Constable returned that he had served the warrant by reading it, and the Justice enters on his docket that the defendant not appearing, judgment by default was entered against him. The case of Charless v. Marney cited by Myers’ counsel, does not support his argument. In that case (see 1 vol. Mo. Decisions, p. 537) it was decided that the summons not running in the name of the State, tile proceedings before the Justice was properly set aside, and sent the cause back to be tried in the Circuit Court; but it was not then contended that the defect in the writ deprived the Court of jurisdiction ; want of jurisdiction was one point certainly, but that point was attempted to he sustained, because it did not appear on *248 the face of the summons that th.e sum sued for was within the Justice’s jurisdiction ; and the Court decided that it need not necessarily appear on the writ that the demand was within, the. jurisdiction of the Justice, and therefore reversed the judgment of the Circuit Court dismissing the cause. It has been since decided that if the summons do. not run in the name of the. State,, the Justice has no jurisdiction. In like manner I hold that if the defendant be not brought before the Justice, he has no jurisdiction of his person, and can give no judgment when the process is a warrant as in the case now under consideration; Myer’s counsel calls this an irregularity. When the Justice in the case of Charless and Marney gave judgment for the plaintiff, the return of the. summons being insufficient, that judgment was on that account irregular, and that irregularity might have been cured by the appearance of the party to defend before the Justice; but not so as to a delect in the summons which alone could give.him jurisdiction; in such case the proceedings are said to> be-void, not irregular. Now if a Justice can give a judgment on a return similar to that now before the Court, I ask why he cannot give one without issuing any warrant ? But.it is. said the plaintiff had a right to waive the law in his own favor requiring the body of the defendant to be brought into Court. True; but has he a right to waive the right of the defendant to be present and hear why judgment goes against him ? The Constable, it is true, returns that the defendant was summoned, and it is said he might have come ii he chose. For any thing the Justice knew, the defendant might have been sick and unable to attendbut should any one suppose the Justice was careful to inform himself on this point before he entered up his judgment, I answer that the Constable’s return on the warrant, and whatever else he might have told the Justice, are equally inadmissible evidence to prove these facts. The Constable’s duty waste return that he had taken the body of the defendant, and had him before the Justice ; or that he had not done so, and the return which he made being different, is in my opinion no evidence even that the defendant had been seen by him.. It is asked, if the Justice can rende® a judgment against an absent defendant, when the process is a summons, why not when it is a warrant ? The ready answer is, that the law has commanded the Justice of the Peace to have him present, and this answer is enough; for as his power to give judgment is given by the statute, so in giving it he must conform to the provisions of the statute; but I see a substantial reason why a judgment should not be rendered against an absent defendant when suit is commenced by warrant, independent of any legislative mandate. When the process is-a summons, the defendant is allowed' at least six days to prepare for trial ;• in that time- if he even he sick and unable to. travel, he-may employ an agent, and do other business preparatory to the management of his cause; but when the process is a, warrant, he has no time allowed to do such business, and therefore is the Constable very properly required to bring him into Court: and as every man ought to be heard before his cause is decided, I think the Justice has no right to. dispense with what the- law required him to. do in this case; but the act of Assembly concerning Justices’ Courts, passed 18th January, 1831, requires, that no objection as to., the proceedings before the Justice shall he valid. I hold that every thing done before the Justice is void, and it is as if there had been no proceedings at alland indeed it appears to me that if the Justice, be allowed to proceed on such a return as this, that the issuing of a warrant is a nullity, and the Justice might with as much propriety enter up-a judgment against the> defendant, without pretending to notify him of the plaintiff’s claim. In the rest o£' the opinion of the majority of the Court I concur.